J-S61029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHALIL MALIK WATSON | : | |
| | : | |
| Appellant | : | No. 2061 EDA 2019 |

Appeal from the Order Entered July 2, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004377-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHALIL MALIK WATSON | : | |
| | : | |
| Appellant | : | No. 2062 EDA 2019 |

Appeal from the Order Entered July 2, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004377-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHALIL MALIK WATSON | : | |
| | : | |
| Appellant | : | No. 2063 EDA 2019 |

Appeal from the Order Entered July 2, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004377-2012

BEFORE: BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 12, 2020**

Appellant, Khalil Malik Watson, appeals *pro se* from the order entered on July 2, 2019, which dismissed his fifth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On September 23, 2013, Appellant pleaded guilty to two counts of attempted homicide and one count of resisting arrest. On that same day, the trial court sentenced Appellant to serve an aggregate term of 11 to 22 years in prison. Appellant did not file a notice of appeal from his judgment of sentence.

On April 11, 2014, Appellant filed a timely, *pro se* PCRA petition and the PCRA court appointed counsel to represent Appellant. However, appointed counsel petitioned for and was permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed Appellant's first PCRA petition on September 16, 2014. PCRA Court Order, 9/16/14, at 1. Further, although Appellant filed a timely notice of appeal from the PCRA court's order, this Court dismissed Appellant's appeal on July 9, 2015, for failure to file a brief. Superior Court Order, 7/9/15, at 1.

On July 24, 2015, Appellant filed a second PCRA petition. The PCRA court dismissed Appellant's second PCRA petition on October 14, 2015 as untimely and, on June 14, 2016, this Court affirmed the PCRA court's order.

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

*Commonwealth v. Watson*, 153 A.3d 1108 (Pa. Super. 2016) (unpublished memorandum) at 1-4.

Appellant filed his third and fourth PCRA petitions on October 22, 2016 and July 24, 2017, respectively. The PCRA court dismissed Appellant's third petition on January 13, 2017 and dismissed Appellant's fourth petition on October 13, 2017.[1] This Court affirmed the dismissal of Appellant's fourth petition on June 28, 2018. *Commonwealth v. Watson*, 183 A.3d 1124 (Pa. Super. 2018) (unpublished memorandum) at 1-3.

On December 28, 2018, Appellant filed the current PCRA petition, which constitutes Appellant's fifth petition seeking post-conviction collateral relief. Within Appellant's petition, Appellant acknowledged that he filed his petition more than one year after his judgment of sentence became final. However, Appellant claimed that his petition was timely under the "newly recognized constitutional right" exception to the PCRA's time-bar. Specifically, Appellant claimed that he was entitled to relief under the United States Supreme Court's 2018 decision in *Carpenter v. United States*, 138 S.Ct. 2206 (2018). According to Appellant, the police conducted an "illegal[, warrantless] cell phone ping[]" on him and, in *Carpenter*, the Supreme Court held that the government must generally obtain a warrant before it is able to obtain historical cell-site location information. *See* Appellant's Fifth PCRA Petition,

---

[1] Appellant appealed the dismissal of his third petition but he voluntarily discontinued his appeal.

- 3 -

12/28/18, at 1-2. Appellant claimed that he is now entitled to have his convictions vacated and all evidence against him suppressed. *See id.*

On April 4, 2019, the PCRA court appointed counsel to represent Appellant. However, on June 12, 2019, counsel filed a no-merit letter and a petition to withdraw. On July 2, 2019, the PCRA court dismissed Appellant's PCRA petition and granted counsel's petition to withdraw. *See* PCRA Court Order, 7/2/19, at 1. Appellant filed a timely notice of appeal. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.[2]

As our Supreme Court held, we "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." *Commonwealth v. Liebel*, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the]

_____

[2] On November 25, 2019, we entered an order that stayed the current appeal pending the *en banc* resolution of *Commonwealth v. Johnson*, ___ A.3d ___, 2020 WL 3869723 (Pa. Super. 2020) which concerned the proper application of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) in light of *Commonwealth v. Creese*, 216 A.3d 1142 (Pa. Super. 2019) (reading *Walker* as a mandate to quash appeal unless notice of appeal contains only one trial court docket number). On July 9, 2020, the *en banc* Court decided *Johnson* and we can thus now decide the current appeal.

petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final on October 24, 2013, when his time for filing a notice of appeal to this Court expired. Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Appellant then had until October 24, 2014 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until December 28,

2018, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case.   **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar.  This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

According to Appellant, in **Carpenter v. United States**, the United States Supreme Court recognized a new constitutional right and, in accordance with this new constitutional right, Appellant is now entitled to the

vacation of his convictions and the suppression of all evidence against him. This claim fails.

The "newly recognized constitutional right" exception to the PCRA's time-bar is codified in 42 Pa.C.S.A. § 9545(b)(1)(iii). As our Supreme Court has explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Copenhefer**, 941 A.2d 646, 649-650 (Pa. 2007), *quoting*

**Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002) (internal corrections omitted).

In this case, even assuming that **Carpenter** announced a new constitutional right, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that the right applies retroactively to cases on collateral review. Therefore, Appellant cannot rely upon **Carpenter** to avoid the PCRA's one-year time-bar. Further, since Appellant has not attempted to plead any other exception to the time-bar, we conclude that

Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order, which dismissed Appellant's fifth PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>8/12/2020</u>